UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| DINGHOFER, JEWELL L | ) | Case No. 08-17030-SQU |
| | ) | |
| | ) | Hon. JOHN H. SQUIRES |

**APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO:   HONORABLE JOHN H. SQUIRES
      BANKRUPTCY JUDGE

GINA B. KROL, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1. An order for relief under Chapter 7 was entered on July 1, 2008. On August 15, 2008, an order was entered approving the employment of Counsel for the Trustee. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2. Applicant requests $9,658.50, in compensation for 29.10 hours of services performed for the period August 1, 2008 through present and reimbursement of actual expenses in the amount of $101.61.

3. A description of the nature of the services rendered by the Applicant is as follows:

EXEMPTIONS

The Debtor is an older woman who relocated from Florida to Illinois in order to live with her daughters due to a prolonged illness. The Debtor owned a condominium unit in Florida and had conveyed her interest in the property to her daughters through a quit claim deed. The deed was executed before the Chapter 7 filing but was not recorded until afterward. The Debtor claimed this Florida property as fully exempt under Florida law. Cohen and Krol researched whether the exemption claim was proper given that the Debtor was not residing in the property and Debtor no longer owned the property. Cohen and Krol also researched whether, if the Debtor was entitled to make a homestead claim, would that claim be under Florida law or Illinois

**EXHIBIT G**

Law. These issues were fully briefed by Trustee's counsel and Debtor's attorneys. The issues creditors. Cohen and Krol expended 15.20 hours in the activity of Exemptions.

FRAUDULENT CONVEYANCE

Prior to the filing of this Chapter 7 case, the Debtor executed a quit claim deed conveying her interest in her Florida property to her daughters. That deed was not recorded until after the Chapter 7 case was filed. Cohen and Krol reviewed the Volusia County records and prepared and prosecuted a complaint to avoid fraudulent conveyance against the Debtor's daughters. This case was ultimately settled. The proceeds of this settlement have produced a meaningful dividend to creditors. Cohen and Krol expended 7.30 hours in the activity of Fraudulent Conveyance.

OBJECTION TO DISCHARGE

Cohen and Krol prepared and prosecuted the Trustee's Objection to the Debtor's Discharge. This action was brought because the Trustee believed the Debtor intentionally conveyed her property to her daughters in an attempt to defraud creditors. This case was ultimately settled. The proceeds of this settlement have produced a meaningful dividend to creditors. Cohen and Krol expended 4.50 hours in the activity of Objection to Discharge.

4. Attached as Exhibit "A" is an itemized statement of the legal services rendered. The statement reflects the legal services rendered, the time expended and a description of the work performed.

5. The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| GINA B. KROL/GBK2008 | 4.80 | 395.00 | 1,896.00 |
| GINA B. KROL/GBK2009 | 4.50 | 405.00 | 1,822.50 |
| YAN TEYTELMAN/YT2008 | 12.45 | 300.00 | 3,735.00 |
| YAN TEYTELMAN/YT2008 | 7.35 | 300.00 | 2,205.00 |

6. Attached as Exhibit "B" is an itemized statement of the actual expenses incurred by the Applicant.

7. Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

**EXHIBIT G**

8. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $9,658.50 and reimbursement of actual and necessary expenses of $101.61 for legal services rendered in this case.

                                                    RESPECTFULLY SUBMITTED,

Date: August 15, 2011                                  /s/ Gina B. Krol

GINA B. KROL
105 West Madison Street
Suite 1100
Chicago, IL  60602-0000

**EXHIBIT G**